**Opinion filed July 3, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00068-CR

_____

## BEANEST BOGANY A/K/A BEARNEST RAY BOGANY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 15227-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Beanest Bogany a/k/a Bearnest Ray Bogany, challenges his two convictions for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2024). The trial court found Appellant guilty on both counts, assessed his punishment at ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice for each

count, and ordered that the sentences be served concurrently. In one issue, Appellant challenges the sufficiency of the evidence to support either conviction. We affirm.

*Background*

Randy Maxwell and his wife, Cynthia Maxwell, were heading home in their pickup after running errands on August 22, 2020, when they came to a stop behind another vehicle at a stop sign. After waiting "a little while" for the vehicle in front of them to move, Randy, who was driving, honked his horn. Randy testified that the driver "started forward like he was going to go and . . . then he stopped" and "raised a handgun over his head." In response, Randy accelerated his pickup, jumping a curb to get around the other vehicle. Randy testified, "that's when [the driver] turned and pointed the gun at us[,] and I just floored my [pickup]." Cynthia similarly testified that, looking over to the other vehicle, she saw the barrel of the gun pointed at them. Both Randy and Cynthia testified that they feared for their lives as the vehicle attempted to follow them into traffic. Randy was ultimately able to evade the vehicle and called 9-1-1.

Randy described the other vehicle as a gray or silver Cadillac, and he provided the license plate number to police. According to Randy and Cynthia, the driver was a Black individual wearing a red face mask with a white design. Austin Williams, a former patrol officer with the Abilene Police Department (APD), testified that he responded to the call and learned that the Cadillac was registered to Pamela Bryant. Officers were unsuccessful in locating Bryant at her listed residence.

The next day, on August 23, 2020, APD Officer Jake Allred, was dispatched to a disturbance at a Popeyes restaurant involving a manager and an employee. The manager was identified as Bryant, a white female, and the employee was identified as Appellant, a Black male. Appellant complained that the incident with Bryant had been racially motivated. Officer Allred testified that Bryant needed assistance getting Appellant off the premises and described Appellant as "very aggressive,

2

uncooperative," and confrontational. Following a brief discussion, Officer Allred witnessed Appellant walk to a silver Cadillac in the parking lot and lock the vehicle before declaring that he was too upset to drive. Officer Allred ran the Cadillac's license plate, and "it [came] back with a local hit"; the Cadillac was linked to the aggravated assault reported the previous day. By the time the information came through, however, Appellant had already walked off the premises and was no longer in the area.

On September 1, 2020, APD Detective Roger Romero went to the Popeyes in an effort to speak with Appellant. Detective Romero noted the Cadillac was still in the parking lot. Appellant agreed to speak with Detective Romero, and a recording of the interview at Popeyes was admitted into evidence at trial. In the video, Appellant confirmed ownership of the Cadillac but denied any knowledge of a traffic incident involving a gun occurring several days prior. Detective Romero, however, observed that Appellant had, in his hand, a red face mask with white lettering that he was using at work. The Cadillac was never searched, and no weapon was recovered.

*Standard of Review & Applicable Law*

In reviewing the sufficiency of the evidence to support a conviction, we must "consider the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found that the State has proven the essential elements of the crime beyond a reasonable doubt." *Baltimore v. State*, 689 S.W.3d 331, 341 (Tex. Crim. App. 2024) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (adopting the standard of review for a sufficiency challenge as set out by *Jackson*). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate

3

facts." *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021) (quoting *Jackson*, 443 U.S. at 319). Therefore, "[i]f the record supports conflicting inferences, the reviewing court must 'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to the jury's factual determinations." *Garcia v. State*, 667 S.W.3d 756, 762 (Tex. Crim. App. 2023) (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007); *Garcia*, 667 S.W.3d at 762 ("[A] reviewing court does not sit as the thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and credibility of the evidence.").

We treat direct and circumstantial evidence equally under this standard. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Ruiz v. State*, 631 S.W.3d 841, 851 (Tex. App.—Eastland 2021, pet. ref'd). It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish the defendant's guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *Lee*, 676 S.W.3d at 915. Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, we may not use a "divide and conquer" strategy for evaluating the sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446,

448 (Tex. Crim. App. 2015). Rather, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).

Identity is an essential element of any criminal offense. *Ruiz*, 631 S.W.3d at 850–52; *Hernandez v. State*, No. 11-22-00318-CR, 2024 WL 628914, at *4 (Tex. App.—Eastland Feb. 15, 2024, pet. ref'd) (mem. op., not designated for publication). "Identity may be proven by direct evidence, circumstantial evidence, or by reasonable inferences from the evidence." *See Ingerson v. State*, 559 S.W.3d 501, 509 (Tex. Crim. App. 2018); *see also Monaghan v. State*, No. 11-23-00240-CR, 2025 WL 51900, at *6 (Tex. App.—Eastland Jan. 9, 2025, pet. ref'd) (mem. op., not designated for publication); *Ramirez v. State*, No. 07-21-00222-CR, 2022 WL 10219660, at *2 (Tex. App.—Amarillo Oct. 17, 2022, pet. ref'd) (mem. op., not designated for publication) ("The law does not specify a particular method or formalized procedure for proving the identity of the accused." (citing *Lewis v. State*, No. 03-13-00275-CR, 2015 WL 1810389, at *2 (Tex. App.—Austin Apr. 16, 2015, pet. ref'd) (mem. op., not designated for publication))).

We measure the sufficiency of the evidence by comparing the evidence produced at trial against "the elements of the offense as defined by the hypothetically correct jury charge." *Turley v. State*, 691 S.W.3d 612, 617 (Tex. Crim. App. 2024); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Turley*, 691 S.W.3d at 617 (citing *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019)). "The law authorized by the indictment consists of the statutory elements of the offense as modified by the indictment allegations." *Baltimore*, 689 S.W.3d at 341.

As relevant here, a person commits the offense of aggravated assault if he "intentionally or knowingly threatens another with imminent bodily injury," and "uses or exhibits a deadly weapon during the commission of the assault." *See* PENAL §§ 22.01(a)(2), 22.02(a)(2). A firearm is a deadly weapon per se. *Id.* § 1.07(a)(17)(A).

*Discussion*

On appeal, Appellant challenges the sufficiency of the evidence as to only one aspect of the offense: his identity as the perpetrator. In support, Appellant states that Randy and Cynthia provided only a limited description of the assailant; the perpetrator had been masked and Randy and Cynthia were unable to make an in-court identification; and the Cadillac involved was registered to Bryant, and she did not confirm that Appellant had exclusive access to the vehicle.

However, the record reflects that the State presented a range of evidence at trial that, taken together, supports the trial court's finding that Appellant was the perpetrator of the offense. *See Ingerson*, 559 S.W.3d at 509. Randy and Cynthia testified that the perpetrator drove a gray Cadillac and provided the license plate number. While their description of the masked driver could not be particularly detailed, both consistently identified the driver as a Black individual wearing a red mask with a white design. The Cadillac was later found to be registered to an individual known to Appellant—his manager, a white female. Though the precise circumstances under which Appellant may have been allowed to drive the vehicle is unclear, Officer Allred testified that Appellant possessed the Cadillac's key fob the day after the reported assault. During a recorded interview with police approximately one week later, Appellant admitted that the Cadillac was his but, curiously, he asked how officers were able to trace the vehicle back to him since the vehicle was "not in [his] name"—inviting, at minimum, some inference of culpability. *See generally Walter v. State*, 581 S.W.3d 957, 973 (Tex. App.—

6

Eastland 2019, pet. ref'd) (noting that culpability may be inferred from a defendant's "acts, words and conduct" (quoting *Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018))).

Moreover, while being questioned at work, Appellant was wearing a red mask with white lettering. *See, e.g.*, *Whittley v. State*, No. 05-21-00534-CR, 2022 WL 3645589, at *4 (Tex. App.—Dallas Aug. 24, 2022, no pet.) (mem. op., not designated for publication) (discussing the appellant's access to a "pair of distinctive, red-checkered Vans shoes, which were identical to the ones the attacker wore" as evidence of identity); *English v. State*, No. 01-20-00139-CR, 2021 WL 4202159, at *4 (Tex. App.—Houston [1st Dist.] Sept. 16, 2021, no pet.) (mem. op., not designated for publication) (discussing the same where the perpetrator was identified only as "an African-American man wearing a blue polo-style shirt" and a blue polo-style shirt was found near where Appellant was arrested).

Finally, Officer Allred testified to Appellant's display of anger when he was called to escort Appellant off the premises and "refused to leave a place of employment," which the trial court expressed being affirmation that Appellant was someone with "anger issues."

The law does not require an eyewitness to definitively prove identity. *See Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009); *Greene v. State*, 124 S.W.3d 789, 792 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *see also Middleton v. State*, No. 05-22-01144-CR, 2023 WL 7634396, at *3 (Tex. App.—Dallas Nov. 15, 2023, no pet.) (mem. op., not designated for publication); *Morales v. State*, No. 10-20-00093-CR, 2022 WL 1041158, at *2 (Tex. App.—Waco Apr. 6, 2022, pet. ref'd) (mem. op., not designated for publication) ("The State may prove identity by inference alone."). Rather, "the test for sufficiency is whether we can conclude from a totality of the circumstance[s] whether the [factfinder] was adequately apprised that the witness was referring to the defendant." *Hodge v. State*,

No. 09-23-00328-CR, 2025 WL 1255150, at *6 (Tex. App.—Beaumont Apr. 30, 2025, no pet. h.) (mem. op., not designated for publication). From the cumulative force of the evidence, the trial court could have reasonably inferred that Appellant was the person who Randy and Cynthia stated pointed a weapon at them, placing them in fear of serious bodily injury. *See Wise*, 364 S.W.3d at 903; *see also Page v. State*, No. 13-24-00094-CR, 2025 WL 866862, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 20, 2025, no pet.) (mem. op., not designated for publication) (concluding that a defendant's identity as the perpetrator was not corroborated by any forensic evidence did not diminish the probative value of the testimony that was presented at trial). Appellant challenges no other elements of the offense. We overrule his sole issue on appeal.

We conclude that the evidence, as measured against a hypothetically correct jury charge and considered in the light most favorable to the verdict, was sufficient to support Appellant's convictions for aggravated assault with a deadly weapon. *See Turley*, 691 S.W.3d at 617; *Malik*, 953 S.W.2d at 240.

*This Court's Ruling*

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS
JUSTICE


July 3, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.